O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MORRIS RODGERS, | ) | NO. CV 14-6513-GHK (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |
| J. SOTO (WARDEN), | ) | |
| Respondent. | ) | |

On August 19, 2014, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition stems from Petitioner's Los Angeles Superior Court conviction sustained in 1983, in Case No. A383323 (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On July 22, 2000, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 00-7466-GHK (MAN) (the "First Action"),[1] which raised two claims challenging the State Conviction. On June 3, 200, Judgment was entered dismissing the First Action, without prejudice, for reasons of comity due to Petitioner's pending state appellate proceedings. Petitioner did not appeal.

On March 21, 2003, following the conclusion of his state appeal, Petitioner filed a second Section 2254 habeas petition in this district in Case No. CV 03-2016-GHK (MAN) (the "Second Action"). The petition in the Second Action also challenged the State Conviction. On March 16, 2007, Judgment was entered denying the Second Action petition on its merits and dismissing the Second Action with prejudice. Petitioner appealed, and the Ninth Circuit issued a certificate of appealability limited to a specific issue (Case No. 07-55734). On April 3, 2009, the Ninth Circuit issued a Memorandum decision that affirmed the March 16, 2007 Judgment. On June 3, 2009, the Ninth Circuit denied Petitioner's request for rehearing and *en banc* review. Petitioner filed a petition for certiorari, and the Supreme Court denied his petition on November 9, 2009 (Case No. 09-6416).

The instant Petition also challenges the Second Conviction but raises a claim not alleged in his previous Section 2254 actions in this district. Although couched as three grounds for relief, Petitioner effectively raises is a single *Brady* claim, based on the prosecution's alleged failure to provide police reports to Petitioner's defense counsel. Petitioner alleges that this evidence is newly discovered and constitutes critical impeachment evidence with respect to a key prosecution witness.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this district and the United States Court of Appeals for the Ninth Circuit.

The Ninth Circuit's dockets show that Petitioner has not filed an application seeking leave to raise his present claim through a second or successive Section 2254 petition.[2]

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must *first* obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Second Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here. His earlier habeas petition was denied on its merits and dismissed with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

---

[2] Other than his appeal in connection with the Second Action, Petitioner appears to have filed only one other proceeding in the Ninth Circuit, namely, an appeal of the resolution of a prisoner civil rights action filed in another district (Case No. 09-17161).

Petitioner's present challenge to his State Conviction is alleged to rest on newly discovered evidence. However, whether or not the *Brady* claim alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.[3]

---

[3] On August 19, 2014, Petitioner filed a signed and dated "Election Regarding Consent To Proceed Before A United States Magistrate Judge." (*See* Docket No. 2.) Petitioner checked the box stating, "Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and he has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g.,* Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). Indeed, given the lack of jurisdiction over the Petition due to its second or successive nature, the Court *cannot* order that Respondent be served with, and respond to, the Petition. When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted. Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action). *See also* Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); Holloway v. Price, CV 13-4134, 2013 WL 6145150, at *1 n.3 (C.D. Cal. Nov. 21, 2013) (finding that a magistrate judge may dismiss a Section 2254 petition as second or successive when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served); Olivar v. Chavez, CV No. 13-4112, 2013 WL 4509972, at *2 (C.D. Cal. Aug. 23, 2013) (same with respect to untimely petition); Brown v. Baca, CV No. 13-745, 2013 WL 502252, at *1 n.2 (C.D.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: August 21, 2014.

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

Cal. Feb. 8, 2013) (Case No. CV 13-745) (finding that a magistrate judge had jurisdiction to summarily dismiss a Section 2241 petition brought by a pretrial detainee awaiting criminal trial before respondent filed an answer, because the petitioner had consented to magistrate judge jurisdiction and respondent "ha[d] not yet been served with the Petition and therefore [wa]s not a party to this proceeding"); Carter v. Valenzuela, CV 12-5184, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (citing Wilhelm and finding that the magistrate judge had the authority to deny a successive habeas petition when the petitioner had consented and respondent had not yet been served with petition); Williams v. Ahlin, CV 11-00049, 2011 WL 1549306, at *6–*7 (E.D. Cal. April 21, 2011) (finding that the magistrate judge had jurisdiction to dismiss a habeas action when the petitioner signed and filed a consent form, and at the time of dismissal, the named respondent had not appeared in the action).